1   KIMBERLY G. FLORES, SBN 227131
    DONALD J. PROIETTI, SBN 90362
2   **ALLEN, PROIETTI & FAGALDE, LLP**
    1640 "N" STREET, SUITE 200
3   POST OFFICE BOX 2184
    MERCED, CALIFORNIA 95344-0184
4   (209) 723-4372
    (209) 723-7397

5   Attorneys for Plaintiff

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9   **JOHN ROE, a minor, by and through his**         **NO.:**
    **Guardian Ad Litem, SHEILA IRENE**              **(Temporary Case No.  07-256)**
10  **CALLAHAN,**
                                                      **COMPLAINT FOR DAMAGES**
11              **Plaintiffs**
                                                      20 USC §§ 1681-1688, Title IX
12      **vs.**                                       42 USC § 1983
                                                      U.S. Const. amend. XIV, § 1
13  **GUSTINE UNIFIED SCHOOL DISTRICT;**              Cal. Const. art. 1, § 7(a)
    **GOLDEN VALLEY UNIFIED SCHOOL**                  Cal. Civil Code § 51
14  **DISTRICT; KYLE MATTHEW FISCHER,**               Cal. Civil Code § 51.7
    **aka KYLE SIMMONS, a minor; MICHAEL**            Cal. Civil Code § 52.4
15  **FISCHER, aka MICHAEL SIMMONS, a**               Cal. Civil  Code § 1714.1
    **minor; KELLY SIMMONS; JASON**                   Cal. Education Code §§ 200, 201, 212.5, 220,
16  **SIMMONS; MATTHEW McKIMMIE, a**                  230, 230.5, 231.5 and 233.5, Sex Discrimination
    **minor; MYRNA TYNDAL; TOMMY SAN**                Sexual Battery
17  **FELIPO, a minor; FRANK HUDSON;**                Assault and Battery
    **BETTY HUDSON; CARL SCUDDER;**                   Intentional Infliction of Emotional Distress
18  **JASON SPAULDING; ANTHONY SOUZA;**               Negligent Supervision
    **ADAM CANO; TIMOTHY HAYES;**                     Negligence Per Se
19  **KULJEEP MANN; CHRIS**                           Negligent Training
    **IMPERATRICE, AND DOES 1-200**
20
                                                      **JURY TRIAL DEMANDED**
21              **Defendants.**

22

23          Plaintiff, JOHN ROE, a minor, by and through his Guardian Ad Litem, Sheila Callahan

24  (CALLAHAN) in his complaint against defendants GUSTINE UNIFIED SCHOOL DISTRICT

25  ("GUSD"), GOLDEN VALLEY UNIFIED SCHOOL DISTRICT ("GVUSD"), KYLE

26  MATTHEW FISCHER, aka KYLE SIMMONS a minor ("KYLE"), MICHAEL FISCHER, aka

27  MICHAEL SIMMONS a minor ("MICHAEL"), KELLY SIMMONS and JASON SIMMONS,

28

LAW OFFICES OF
ALLEN, PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

-1-
COMPLAINT FOR DAMAGES

MATTHEW McKIMMIE, a minor ("MATTHEW"), MYRNA TYNDAL, TOMMY SAN FELIPO, a minor ("TOMMY"), FRANK HUDSON and BETTY HUDSON, CARL SCUDDER ("Scudder"), JASON SPAULDING ("Spaulding"), ANTHONY SOUZA ("Souza"), and ADAM CANO ("Cano"), TIMOTHY HAYES ("Hayes"), KULJEEP MANN ("Mann"), and CHRIS IMPERATRICE ("Imperatrice") and alleges as follows:

## JURISDICTION

1.      Jurisdiction is vested in this Court pursuant to: 28 U.S.C. § 1332 which grants this Court diversity jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $ 75,000 and is between citizens of different States; 28 U.S.C. §§1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States. This Court has supplemental jurisdiction to hear Plaintiff's state claims under 28 U.S.C. § 1367(a). In compliance with California Government Code Section 910 et seq., Plaintiff has complied with all applicable claims statutes for damages under the California Tort Claims Act.

## VENUE

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b) as the events, circumstances and occurrences giving rise to plaintiffs' claims have occurred or had their effects in this District, specifically in the County of Madera, State of California and jurisdiction is not founded solely on diversity of citizenship.

## NATURE OF ACTION

3.      This action challenges the acts and omissions of Defendants acting under color of law and Defendants' custom, practice and policy of denying Plaintiff of rights secured under the United States Constitution; 42 USC Section 1983; U.S. Const. amend. XIV, § 1; Title IX of the Education Amendments of 1972, 20 USC Sections 1681-1688; Article 1, Sections 1 and 7(a) of

LAW OFFICES OF
ALLEN, PROIETTI
& FAGALDE

1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

-2-
COMPLAINT FOR DAMAGES

the California Constitution; California Civil Code Sections 51, 51.7 and 1714.1; and the California Education Code Sections 200, 201, 212.5, 220 and 230, 231.5 & 233.5.

4.     Plaintiff John Roe, a minor, seeks compensatory and punitive damages from violations of his federal and statutory rights, which ultimately resulted in personal injuries and abuse in the form of  constant and insidious sexual harassment, sexual assault, sexual battery (at times collectively referred to as "Sexual Abuse"), degradation, humiliation, intimidation, assault, battery, and false imprisonment (at times collectively referred to as "Hazing")

## PARTIES

5.     Plaintiff, JOHN ROE, was a minor, under the age of eighteen years at the time of this events alleged herein, Sheila Callahan is the biological mother of JOHN ROE, and both reside in Glendale, Arizona.

6.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, GUSD was and is a public school district in the County of Merced, and Gustine High School was a subordinate entity under GUSD.  GUSD's liability for damages sought in this action are based in part on its customs and policies, which gave rise to the federal causes of action alleged herein. GUSD is liable under state and federal law for its own actions and the acts of its employees, representatives, agents or assigns, as alleged herein.

7.     Plaintiff is informed and believes and on that basis allege that at all times mentioned herein, Defendants SCUDDER, SPAULDING, SOUZA, and CANO (collectively "Individual GUSD Defendants"), and each of them, were acting under color of law and within the course and scope of employment with GUSD and/or Gustine High School, and while acting in this capacity committed the injury alleged in this Complaint.

8.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, GVUSD was and is a public school district in the County of Madera, and Liberty High

LAW OFFICES OF
ALLEN  PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

-3-
COMPLAINT FOR DAMAGES

School was a subordinate entity under GVUSD.  GVUSD's liability for damages sought in this action are based in part on its customs and policies, which gave rise to the federal causes of action alleged herein. GVUSD is liable under state and federal law for its own actions and the acts of its employees, representatives, agents or assigns, as alleged herein.

9.      Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein, Defendants, HAYES, MANN, and IMPERATRICE (collectively "Individual GVUSD Defendants"), and each of them, were acting under color of law and within the course and scope of employment with GVUSD, and while acting in this capacity committed the injury alleged in this Complaint.

10.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, Defendants KYLE and MICHAEL are minors residing in the County of Merced. Defendants, KELLY SIMMONS and JASON SIMMONS are the biological parents of Kyle Fischer and Michael Fischer. As such, Defendants are jointly and severally liable for personal injury or property damage resulting from acts of willful misconduct.

11.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, Defendant McKIMMIE is a minor residing in the County of Merced.  Defendant MYRNA TYNDAL is the biological mother of McKimmie.  McKimmie's biological father is unknown at this time. As such, Defendants are jointly and severally liable for personal injury or property damage resulting from acts of willful misconduct.

12.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, Defendant SAN FELIPO is a minor residing in the County of Merced.  Defendants FRANK HUDSON and BETTY HUDSON are the legal guardians of San Felipo. As such, Defendants are jointly and severally liable for personal injury or property damage resulting from acts of willful misconduct.

COMPLAINT FOR DAMAGES

LAW OFFICES OF
ALLEN, PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

13.     Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, each of the Defendants designated herein was acting as an owner, agent, employer, employee, partner, officer, associate, joint venturer, and co-conspirator for each and every other Defendant, and that in doing the things herein alleged was acting within the course and scope of said agency, employment, venture, and/or conspiracy by agreement, assistance and/or encouragement to commit said wrongful acts and that each is in some manner responsible and liable for the matters set forth herein.  Defendants, at all times herein mentioned, had the authority to institute corrective measures, were aware of the harassment, yet repeatedly and intentionally failed to take the appropriate or necessary measures to prevent or stop the abuse suffered by Plaintiff.

14.     The fictitious defendants, sued herein as Does 1-200, are individuals and or entities who are liable under the state or federal invoked herein.  These fictitious defendants are liable for all monetary damages and ancillary relief requested herein.  The fictitious defendants will be renamed once their actual identities are ascertained.

## COMMON ALLEGATIONS

15.     At all times mentioned herein, Plaintiff, JOHN ROE, was a minor, under the age of eighteen years, and was a student at Gustine High School.  Sheila Callahan is the biological mother of JOHN ROE.

16.     To protect the confidentiality of the Minor/Plaintiff, Judge Ronald W. Hansen of the Merced County Superior Court has ordered that the name of the Minor shall be referred to as "John Roe" and "shall not be disclosed by any party or their attorney or representative without good cause and further order of this court."  A true and correct copy of that Order is attached hereto as Exhibit "A".

LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

-5-
COMPLAINT FOR DAMAGES

17.     Sheila Callahan was appointed as Guardian Ad Litem for the Minor/Plaintiff on or about October 4, 2006.  A true and correct copy of that Order is attached hereto as Exhibit "B".

18.     At all times mentioned herein, Plaintiff, JOHN ROE, was enrolled as a freshman at Gustine High School and was a member of the Gustine High School Freshman Football Team.

19.     Plaintiff paid a fee to participate in a school sponsored three day football camp hosted by GUSD and GVUSD at Liberty High School.  The camp was attended by varsity, junior varsity and freshman student athletes from Gustine High School and Liberty High School and was held on July 13, 14, and 15, 2006.

20.     Defendants, GUSD and GVUSD control and operate Gustine High School and Liberty High School, respectively, and a portion of the funding for these schools come from the state and federal governments.  GUSD and GVUSD, through its employees, representatives, agents or assigns, provided transportation, instruction, equipment, football camp activities, food and beverages for attendees at the football camp.

21.     GVUSD provided on campus facilities at Liberty High School for the use and benefit of the Gustine High School and Liberty High School football teams for practice, sleep, showers, toilets, cafeteria, and other football camp activities.

22.     Individual GUSD Defendants, Scudder, Spaulding, Souza, Cano, and possibly others to be identified, are employees of GUSD who traveled with the student athletes to the football camp, and/or was charged with supervision of the student athletes attending the football camp, and/or were present when the acts alleged herein occurred.

23.     Individual GVUSD Defendants, Hayes, Mann, Imperatrice, and possibly others to be identified, are employees of GVUSD who were charged with the supervision of the student athletes attending the football camp, and/or were present when the acts alleged herein occurred.

COMPLAINT FOR DAMAGES

24.     From July 13, 2006 through July 15, 2006, Plaintiff and other Gustine High School freshman student athletes were subjected to constant and pervasive sexual abuse, sexual harassment, sexual assault, sexual battery, degradation, humiliation, intimidation, assault, battery, and false imprisonment, by older male student athletes enrolled as students at Gustine High School and Liberty High School when the sexual abuse and hazing was committed.  Specifically, Plaintiff and other Gustine High School freshman student athletes were subjected to the following improper conduct:

(a)     The student athletes attending the football camp engaged in a "pillow fight" among upper and lower classmen.  During the "pillow fight" pillow cases were filled with football equipment and other heavy objects.  The upper classmen, including Kyle Fischer, Michael Fischer, McKimmie, and San Felipo, then used the filled pillow cases to assault the younger players.  Plaintiff was struck in the head with one of the filled pillows and suffered a severe head injury as a result.

(b)     The upper classmen attending the football camp, including Kyle Fischer, Michael Fischer, McKimmie, and San Felipo, slapped a used condom, containing substance that appeared to be semen, onto the body of the lower classmen and threatened to repeat this act on Plaintiff and other freshman's face, mouth or head while they slept.  This led Plaintiff and others to sleep in shifts to protect the others.

(c)     Upper class student athletes, including Kyle Fischer, Michael Fischer, McKimmie, and San Felipo, roamed in groups freely and unsupervised around campus chasing down freshmen for the purpose of forcing a sexual penetration by the insertion of a foreign object into their anus.  Plaintiff was sexually assaulted and anally penetrated by this dangerous and despicable act.  After being chased and caught by a group of upper class student athletes from Gustine High School and Liberty High School, including Kyle Fischer, Michael Fischer,

COMPLAINT FOR DAMAGES

LAW OFFICES OF
ALLEN, PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

McKimmie, and San Felipo, Plaintiff's arms and legs were forcibly restrained by at least four members of the group.  Despite Plaintiff's physical struggle and verbal protest, he was forced against his will to be turned upside down on to his head, his arms were forced away from his backside as he attempted to block entry into his anus, his pants and underwear were stripped off exposing his buttocks and genitals, his legs were held up and vertical, his legs and butt cheeks were spread apart, and a battery powered air mattress pump nozzle was shoved into his anus forcing air into his rectum and large intestines.

(d)     After the above described attack, Plaintiff experienced pervasive, severe and unwelcome harassment based on gender and sexual orientation.   Plaintiff's older team member from Gustine High School sexually harassed him physically and verbally and continuously subjected Plaintiff to homosexual epithets, establishing a collective belief among the student athletes from Gustine High School and Liberty High School that Plaintiff was a gay student athlete.

(e)     The upper classmen perpetrating the acts described above upon the Plaintiff and others were:  Kyle Fischer, Michael Fischer, McKimmie, San Felipo, and possibly others to be identified.

25.     The GUSD and GVUSH and Individual GUSD and GVUSH Defendants were responsible for creating and maintaining an educational environment that is safe and free from discrimination, abuse and harassment (including gender discrimination, sexual abuse and sexual harassment).  The GUSD and GVUSH and Individual GUSD and GVUSH Defendants were also responsible for making and/or implementing disciplinary policies and procedures; making and/or implementing discrimination, abuse and harassment (including gender discrimination, sexual abuse and sexual harassment) training and policies.  The GUSD and GVUSH and Individual GUSD and GVUSH Defendants were responsible for enforcing, and ensuring that their

LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

subordinates, agents, and employees enforced such laws and policies by taking prompt remedial action following acts of inappropriate behavior, harassment, discrimination and physical abuse (including gender discrimination, sexual abuse and sexual harassment) against all male and female students.

26.     Plaintiff alleges upon information and belief that each of the GUSD and GVUSH and Individual GUSD and GVUSH Defendants failed to make, implement, or enforce, and ensure that their subordinates, agents, and employees enforced the above-described procedures and policies or to take necessary and prompt remedial action following reports of harassment and abuse and/or discrimination.

27.      Plaintiff alleges upon information and belief that each of the above named Defendants, including other Defendants who are unknown at this time, performed, participated in, aided and/or abetted in some manner the acts averred herein, proximately caused the damages averred below, and is liable to Plaintiff for the damages and other relief sought herein. The true names and official capacities of all Defendants are unknown to the Plaintiff at this time and Plaintiff will seek leave of Court to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained.

28.      Plaintiff alleges upon information and belief that all relevant times, each and every Defendant was the agent or employee of each and every other Defendant, was acting within the course and scope of such agency or employment, and was acting with the consent, permission and authorization of each of the remaining Defendants. All actions of each Defendant were ratified and approved by every other Defendant. Plaintiff further alleges on information and belief that all of the actions alleged in the complaint were taken pursuant to the customs, policies, and practices of GUSD and GVUSH.

COMPLAINT FOR DAMAGES

LAW OFFICES OF
ALLEN, PROIETTI
& FAGALDE
LLP
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

29.     Plaintiff alleges upon information and belief that all relevant times, each and every Defendant to comply with federal and state law regarding gender discrimination, sexual harassment, and sexual abuse.

30.     Plaintiff alleges upon information and belief that all relevant times, GUSD and GVUSH and Individual GUSD and GVUSH Defendants failed to enforce or to have enforced the GUSD and GVUSH's own disciplinary, anti-harassment, anti-abuse and anti-discrimination policies to prevent physical and emotional harm to Plaintiff.

31.     Plaintiff alleges upon information and belief that GUSD and GVUSH and Individual GUSD and GVUSH Defendants have enforced and do enforce policies and procedures to prevent and/or remedy female students and female student athletes from sexual harassment, sexual abuse, discrimination, and violence by male aggressors (gender specific, male-on-female sexual abuse, sexual harassment, discrimination, and violence).

32.     Plaintiff alleges upon information and belief that all Defendants, unless otherwise specified, all acts or omissions alleged in this complaint were committed knowingly, intentionally, and/or with conscious disregard of, or deliberate indifference toward, the well-being of Plaintiff.

33.     Plaintiff alleges upon information and belief that Individual GUSD and GVUSD Defendants, as employees of GUSD and GVUSD, knew or should have known that they were under a mandatory duty by state and federal law to provide a safe and equal environment for students, to respect their privacy, and/or to protect them from sexual abuse, sexual harassment, discrimination and/or violence from other students, regardless of gender of the Plaintiff or the gender of the aggressors, yet failed to do so.

34.     Plaintiff alleges upon information and belief that Individual GUSD and GVUSD Defendants, as employees of GUSD and GVUSD, also knew or should have known that they

LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

were responsible for enforcing GUSD and GVUSD policies and procedures that were created to protect students from sexual abuse, sexual harassment, discrimination and/or violence, regardless of the gender of the Plaintiff or the gender of the aggressors, yet failed to do so.

35.    At all relevant times, it was within the power and the responsibility of Defendants GUSD and GVUSD and Individual GUSD and GVUSD Defendants, to protect Plaintiff from sexual abuse, sexual harassment, discrimination and/or violence or other violations of his constitutional and statutory rights, regardless of gender of the Plaintiff or the gender of the aggressors.

36.    Plaintiff alleges upon information and belief that Individual GUSD and GVUSD Defendants each had knowledge of various acts of sexual abuse, sexual harassment, discrimination and/or violence against Plaintiff occurring from July 13, 2006 through July 15, 2006. Defendants intentionally failed to take appropriate disciplinary or remedial measures to address the ongoing sexual abuse and harassment because of Plaintiff's gender and the male-on-male nature of the sexual abuse.  Defendants intentionally failed to take appropriate disciplinary or remedial measures to address the ongoing sexual abuse and harassment, intimidation, assault, battery, and retaliation because of Plaintiff's gender and the male-to-male, as opposed to male-on-female, nature of the sexual abuse.

37.    Plaintiff alleges upon information and belief that Defendants GUSD and GVUSD and Individual GUSD and GVUSD Defendants failed to take steps to address or prevent harm to the Plaintiff, including, but not limited to, disciplining students who harassed Plaintiff; educating faculty and students about GUSD and GVUSD policies and procedures, and training faculty and students so as to prevent male-on-male sexual abuse and harassment, by following the same procedures and policies in place to prevent male-on-female sexual abuse and sexual harassment.

COMPLAINT FOR DAMAGES

LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE

1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

38.   At all times relevant hereto Defendants GUSD and GVUSD and Individual GUSD and GVUSD Defendants owed to Plaintiff, and to all students and student athletes in GUSD and GVUSD, a duty of care to ensure the safety and well-being of Plaintiff and all students on school grounds, to enforce rules and regulations necessary for the protection of the students, and/or take appropriate measures to protect students from the misconduct of other students, regardless of the gender of the victim or the gender of the aggressors, yet failed to do so. All of the sexual abuse and sexual harassment of the Plaintiff by other students occurred on school grounds.

39.   At all times relevant hereto Individual GUSD and GVUSD Defendants, encompassed within their duties as employees of Defendants GUSD and GVUSD, had a duty to exercise due care to protect Plaintiff from sexual abuse, sexual harassment and other misconduct by students and by other Defendants. Encompassed within Individual GUSD and GVUSD Defendants' duty to protect Plaintiff was a duty to exercise due care in investigating Plaintiff's complaints of sexual abuse, sexual harassment and hazing by students, to make police reports of crimes, to take appropriate measures to protect Plaintiff from further fear, sexual abuse, sexual harassment and hazing and to remove dangerous students if necessary, regardless of the gender of the Plaintiff or the gender of the aggressors, yet failed to do so.

40.   As a result of Individual GUSD and GVUSD Defendants failure to undertake meaningful disciplinary measures against the harassing students, the sexual abuse and harassment has continued and escalated. The specific instances of sexual abuse and hazing and these Defendants' failure to take action listed herein are merely representative, not exhaustive.

41.   Defendants GUSD and GVUSD and Individual GUSD and GVUSD Defendants Defendants' intentional failure to take action to remedy the sexual abuse and hazing and Student Athlete Defendants' actions of sexual abuse, hazing and retaliation against Plaintiff, has caused the Plaintiff to suffer extreme emotional distress and psychological damage, including but not

LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE
LLP
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

limited to, an inability to concentrate on Plaintiff's studies, serious depression, debilitating fear, despair, anger, humiliation, anxiety, all of which are ongoing hardships. Plaintiff also suffered bodily injury, including but not limited to, physical injury, disruption of sleep and insomnia.

42.     As a direct, legal and proximate result of Defendants' violations of Plaintiff's statutory and constitutional rights, Plaintiff has been damaged in an amount which is not yet known, but which exceeds the jurisdictional minimum of this Court.

### FIRST CAUSE OF ACTION

**Title IX (20 U.S.C. §§ 1681-1688)**
**[Against Defendant GUSD, GVUSD, Scudder, Spaulding,**
**Souza, Cano, Hayes, Mann, and Imperatrice]**

43.     Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all allegations previously alleged in this Complaint, as though fully set forth below.

44.     At all times relevant herein, Plaintiff was a student at GUSD and was participating at a football camp hosted by GVUSD.

45.     Plaintiff is informed and believes and on that basis alleges that at all times relevant herein, Defendants, GUSD and GVUSD, were school districts receiving federal financial assistance.

46.     Defendants GUSD and GVUSD, are liable to Plaintiff under federal law for having customs and policies which were the moving force behind numerous constitutional violations set forth herein; and based on the actions of their appointed employees and agents, Individual GUSD and GVUSH Defendants, which were the moving force behind numerous constitutional violations set forth herein.

47.     From July 13, 2006, Plaintiff was subject to sexual abuse as alleged herein, student athletes interfered with Plaintiff's ability to attend school, to participate in sports programs, and perform his studies and activities.



LAW OFFICES OF
ALLEN, PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

-13-
COMPLAINT FOR DAMAGES

48.     From July 13, 2006, and continuing thereafter, Defendants GUSD, GVUSD, Scudder, Spaulding, Souza, Cano, Hayes, Mann, Imperatrice, and other GUSD/GVUSD employees, had knowledge that the male-on-male sexual abuse and hazing activities were going to occur or had already occurred.  Notwithstanding the Defendants specific knowledge, no action was taken to prevent the male-on-male sexual abuse and hazing activities or to discipline the upper class student athletes involved in these activities.  Also, at all times herein relevant, Defendants had not instructed its personnel on how to respond to male-on-male sexual abuse of students by fellow students and had not established a policy on the issue of sexual abuse and harassment between students of the same gender.  The deliberate indifference of Defendants to the acts of male-on-male sexual abuse and sexual harassment and Defendants failure to have and implement a policy concerning male-on-male sexual abuse and sexual harassment, excluded Plaintiff from participation in, denied Plaintiff the benefits of, and/or subjected Plaintiff to discrimination on the basis of sex in violation of Title IX.

49.     GUSD and GVUSH and Individual GUSD and GVUSH Defendants have enforced and do enforce policies and procedures to prevent and/or remedy female students and female student athletes from male-on-female sexual abuse and sexual harassment, discrimination, and violence. Defendants intentionally failed to take appropriate disciplinary or remedial measures to address the ongoing harassment, intimidation, assault, battery, and retaliation because of Plaintiff's gender and the male-on-male nature of the sexual abuse and harassment.

50.     The male-on-male, gender specific, sexual abuse and harassment alleged herein is so severe, pervasive, and objectively offensive that it effectively bars Plaintiff's access to an educational opportunity or benefit.  As a proximate result of Defendants' action against Plaintiff, Plaintiff has suffered injury to his person, extreme and severe mental anguish, humiliation, severe emotional distress, nervousness, paranoia, tension, anxiety and depression, and has incurred

COMPLAINT FOR DAMAGES

LAW OFFICES OF
ALLEN, PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

medical and psychological expenses all to Plaintiff's damage, and has suffered general damages in an amount to be determined at the trial of this matter.

51.     The foregoing actions were done with evil motive or intent, or with reckless or callous indifference to Plaintiff's rights based on his gender.

52.     The above described conduct by Defendant GUSD and GVUSD violated the right of the Plaintiff to be free from sexual abuse, sexual harassment and sex discrimination by and/or within any educational program or activity which receives federal financial assistance.

53.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

### SECOND CAUSE OF ACTION

**42 U.S.C. § 1983**
**U.S. Const. amend. XIV, § 1**
**[Against Defendant GUSD, GVUSD, Scudder, Spaulding,**
**Souza, Cano, Hayes, Mann, and Imperatrice]**

54.     Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

55.     GUSD and GVUSH and Individual GUSD and GVUSH Defendants have enforced and do enforce policies and procedures to prevent and/or remedy female students and female student athletes from male-on-female sexual abuse, sexual harassment, discrimination, and violence. Here, Defendants responded differently based on the gender of the victim and the aggressors: Plaintiff is a male and he was victimized by male aggressors---the sexual abuse, sexual harassment, discrimination and violence was male-on-male.    These Defendants intentionally failed to take appropriate disciplinary or remedial measures to address the ongoing gender specific sexual abuse and sexual harassment, intimidation, assault, battery, and retaliation because Plaintiff's was a male and he was a victim of male on-male sexual abuse and harassment, rather than being a female victim of male aggressors---male-on-female sexual abuse and harassment. Defendants deprived Plaintiff of his civil rights under Section 1983 in violation of

-15-

LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

Equal Protection Clause of the Fourteenth Amendment to the United States Constitution through the administration of school district policies and procedures based on gender.

56.    Defendants intentional acts or omissions were based on malice or bad faith intent, were taken under color of state law, and caused a deprivation of Plaintiff's right to equal protection because as a male victim of sexual abuse and sexual harassment, discrimination and violence by other males, Plaintiff was intentionally treated differently from female victims of sexual abuse and sexual harassment, discrimination and violence by other males and that there is no rational basis for the difference in treatment.

57.    Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

## THIRD CAUSE OF ACTION

### Sexual Battery
### [Against Kyle Fischer, Michael Fischer, McKimmie, and San Felipo]

58.    Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

59.    In performing the unlawful act of anal penetration alleged herein, Defendants intended to, and did, cause harmful and offensive sexual contact with the person of Plaintiff, JOHN ROE, and did so with the knowledge that the consequences flowing from such acts were substantially certain to occur.  As a proximate result, Plaintiff suffered harmful and offensive sexual contact with Defendants.  Defendants' acts were not privileged, were done without Plaintiff's consent, and constitute sexual battery within the meaning of Civil Code §1708.5.

60.    As a proximate result of said reprehensible conduct, Plaintiff has suffered injury to his person, extreme and severe mental anguish, humiliation, severe emotional distress, nervousness, paranoia, tension, anxiety and depression, and has incurred medical and psychological expenses all to Plaintiff's damage, and has suffered general damages in an amount to be determined at the trial of this matter.

LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE
LLP
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

61.     Defendants' despicable acts as alleged herein were performed with malice, fraud and oppression, and with willful and conscious disregard of Plaintiff's rights and safety, and merit an award of punitive and exemplary damages to punish said Defendants and to set an example for those similarly situated.

62.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

## FOURTH CAUSE OF ACTION

### Assault and Battery
### [Against Kyle Fischer, Michael Fischer, McKimmie, and San Felipo]

63.     Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

64.     In performing the unlawful acts of hitting Plaintiff with a pillow case filled with football equipment, forcibly restraining him against his will and of anal penetration alleged herein, Defendants intended to, and did, cause harmful and offensive contact with the person of Plaintiff, JOHN ROE, and did so with the knowledge that the consequences flowing from such acts were substantially certain to occur.  As a proximate result, Plaintiff suffered harmful and offensive contact with Defendants.  Defendants' acts were not privileged, and were done without Plaintiff's consent.

65.     As a proximate result of said reprehensible conduct, Plaintiff has suffered injury to his person, extreme and severe mental anguish, humiliation, severe emotional distress, nervousness, paranoia, tension, anxiety and depression, and has incurred medical and psychological expenses all to Plaintiff's damage, and has suffered general damages in an amount to be determined at the trial of this matter.

66.     Defendants' despicable acts as alleged herein were performed with malice, fraud and oppression, and with willful and conscious disregard of Plaintiff's rights and safety, and merit

COMPLAINT FOR DAMAGES

LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE

1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

an award of punitive and exemplary damages to punish said Defendants and to set an example for those similarly situated.

67.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

### FIFTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress
[Against All Defendants]**

68.     Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

69.     Defendants' conduct as alleged herein was outrageous and was so extreme that it goes beyond all possible bounds of decency.  Defendants' engaged in said conduct with the intent to cause severe emotional distress upon Plaintiff.

70.     As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered injury to his person, extreme and severe mental anguish, humiliation, severe emotional distress, nervousness, paranoia, tension, anxiety and depression, and has incurred medical and psychological expenses all to Plaintiff's damage, and has suffered general damages in an amount to be determined at the trial of this matter.

71.     Defendants' despicable acts as alleged herein were performed with malice, fraud and oppression, and with willful and conscious disregard of Plaintiff's rights and safety, and merit an award of punitive and exemplary damages to punish said Defendants and to set an example for those similarly situated.

72.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

////

////

////

////



LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

### Cal. Const. art. 1, § 7(a), Equal Protection on the Basis of Gender.
### [Against GUSD, GVUSD, Scudder, Spaulding, Souza, Cano, Hayes, Mann, and Imperatrice,]

73.     Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

74.     The above described conduct by Defendants violated the right of the Plaintiff not to be deprived of equal protection of the laws on the basis of gender under Article 1, Section 7(a) of the California Constitution.

75.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

## SEVENTH CAUSE OF ACTION

### Cal. Civil Code § 52.4, Gender Violence
### [Against All Defendants]

76.     Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

77.     The above described conduct by Defendants constitutes *gender violence* as defined by Cal. Civil Code § 52.4 (c) (1)-(2) and all named Defendants are responsible parties.

78.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

## EIGTH CAUSE OF ACTION

### Cal. Civil Code § 51, Deprivation of Civil Rights
### [Against GUSD, GVUSD, Scudder, Spaulding, Souza, Cano, Hayes, Mann, and Imperatrice]

79.     Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

80.     The above described conduct by Defendants violated the right of the Plaintiff to be free and equal regardless of gender and to receive full and equal accommodations, advantages, facilities, privileges, or services from Defendants.



COMPLAINT FOR DAMAGES

LAW OFFICES OF
ALLEN, PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

81.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

## NINTH CAUSE OF ACTION

### Cal. Civil Code § 51.7, Freedom from Violence
### [Against GUSD, GVUSD, Scudder, Spaulding, Souza,
### Cano, Hayes, Mann, and Imperatrice]

82.     Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

83.     The above described conduct by Defendants violated the right of the Plaintiff to be free from violence, or intimidation by threat of violence, committed because of Plaintiff's gender.

84.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

## TENTH CAUSE OF ACTION

### Cal. Education Code §§ 200, 201, 212.5, 220, 230, 230.5, 231.5 and 233.5, Sex Discrimination
### [Against GUSD, GVUSD, Scudder, Spaulding, Souza,
### Cano, Hayes, Mann, and Imperatrice,]

85.     Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

86.     The above described conduct by Defendants violated the right of the Plaintiff to be free from sex discrimination, including sexual harassment, in and/or by educational programs and activities receiving state financial assistance.

87.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

## ELEVENTH CAUSE OF ACTION

### Cal Civ Code § 1714.1 Vicarious Liability of Parent/Guardian for Willful Acts of a Minor
### [Against All Parents/Guardian Defendants]

88.     Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

89.     At all times relevant herein, Kyle Fischer, Michael Fischer, McKimmie, and San Felipo, were minors under the age of eighteen.

LAW OFFICES OF
ALLEN, PROIETTI
& FAGALDE
LLP
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

-20-

90.     In committing the acts alleged herein, Kyle Fischer, Michael Fischer, McKimmie, and San Felipo engaged in willful misconduct which resulted in injury to another person.

91.     Defendants Kelly Simmons and Jason Simmons are the biological parents of Kyle Fischer and Michael Fischer and at all times relevant herein, had custody and control of the minors.

92.     Defendant Myrna Tyndal is the biological mother of McKimmie and at all times relevant herein, had custody and control of the minor.

93.     Defendants Frank Hudson and Betty Hudson are the legal guardians of San Felipo and at all times relevant herein, had custody and control of the minor.

94.     Defendants, Kelly Simmons, Jason Simmons, Myrna Tyndal, Frank Hudson, and Betty Hudson are jointly and severally liable for personal injury or property damage resulting from minors, Kyle Fischer, Michael Fischer, McKimmie, and San Felipo's acts of wilful misconduct.

95.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

## TWELVTH CAUSE OF ACTION

### Negligent Supervision
### [Against All Parent/Guardian Defendants]

96.     Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

97.     At all times relevant herein, Kyle Fischer, Michael Fischer, McKimmie, and San Felipo, were minors under the age of eighteen.

98.     Defendants Kelly Simmons and Jason Simmons are the biological parents of Kyle Fischer and Michael Fischer and at all times relevant herein, had custody and control of the minors.

COMPLAINT FOR DAMAGES

LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

99.     Defendant Myrna Tyndal is the biological mother of McKimmie and at all times relevant herein, had custody and control of the minor.

100.     Defendants Frank Hudson and Betty Hudson are the legal guardians of San Felipo and at all times relevant herein, had custody and control of the minor.

101.     At all times relevant herein and prior to the acts alleged, Defendants Kelly Simmons, Jason Simmons, Myrna Tyndal, Frank Hudson, and Betty Hudson, were aware of Kyle Fischer, Michael Fischer, McKimmie, and San Felipo's, violent habits and/or tendencies and/or behavior that led to Plaintiff's injuries and/or created an unreasonable risk of harm to other student athletes attending the football camp.

102.     At all times relevant herein and prior to the acts alleged, Defendants Kelly Simmons, Jason Simmons, Myrna Tyndal, Frank Hudson, and Betty Hudson, had the opportunity and ability to control the conduct of their minor children.

103.     Defendants Kelly Simmons, Jason Simmons, Myrna Tyndal, Frank Hudson, and Betty Hudson, were negligent because they allowed their minor children to attend the football camp, knowing of their dangerous habits and/or tendencies, and said Defendants failed to exercise reasonable precautions to prevent harm to Plaintiff and others attending the football camp.

104.     As a proximate result of Defendants' conduct, Plaintiff has suffered injury to his person, extreme and severe mental anguish, humiliation, severe emotional distress, nervousness, paranoia, tension, anxiety and depression, and has incurred medical and psychological expenses all to Plaintiff's damage, and has suffered general damages in an amount to be determined at the trial of this matter.

105.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

////

////

LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE

1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

### THIRTEENTH CAUSE OF ACTION

**Negligent Supervision**
**[Against GUSD, GVUSD, Scudder, Spaulding, Souza,**
**Cano, Hayes, Mann, and Imperatrice]**

106.   Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

107.   Defendants, GUSD, GVSD, Scudder, Spaulding, Souza, Cano, Hayes, Mann, and Imperatrice, and each of them, had a duty at all times to supervise the conduct of student athletes attending the football camp and to enforce those rules and regulations necessary for the protection of the students athletes attending the football camp.   In particular, Defendants had a duty to supervise the student athletes and to exercise ordinary care to protect the remaining student athletes from the sexual abuse and hazing activities alleged herein.

108.   Defendants, GUSD, GVSD, Scudder, Spaulding, Souza, Cano, Hayes, Mann, Imperatrice, and DOES 1 through 200, and each of them, were negligent and careless in that they failed to exercise ordinary care in supervising the conduct of student athletes attending the football camp so as to prevent the type of sexual abuse and hazing activities alleged herein.   Prior to the occurrence of the injuries alleged herein, Defendants had actual and constructive notice that sexual abuse and hazing activities such as have been alleged herein had occurred before, and were likely to occur again, in the absence of adequate supervision; Defendants were negligent and careless in that having such knowledge, they nevertheless failed to use ordinary care in the supervision of student athletes attending the football camp and failed to provide adequate supervision, or any supervision at all, for student athletes attending the football camp.

109.   As a proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff has suffered injury to his person, extreme and severe mental anguish, humiliation, severe emotional distress, nervousness, paranoia, tension, anxiety and depression,

COMPLAINT FOR DAMAGES

LAW OFFICES OF
ALLEN, PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

and has incurred medical and psychological expenses all to Plaintiff's damage, and has suffered general damages in an amount to be determined at the trial of this matter.

110.    Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

## FOURTEENTH CAUSE OF ACTION

### Negligence Per Se
### [Against GUSD, GVUSD, Scudder, Spaulding, Souza, Cano, Hayes, Mann, Alvarado and Imperatrice]

111.    Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

112.    At all times relevant herein, Defendant Scudder was employed by GUSD as a teacher and/or athletic coach.

113.    At all times relevant herein, Defendant Spaulding was employed by GUSD as a teacher and/or athletic coach.

114.    At all times relevant herein, Defendant Souza was employed by GUSD as an athletic coach.

115.    At all times relevant herein, Defendant Cano was employed by GUSD as a teacher and/or athletic coach.

116.    At all times relevant herein, Defendant Hayes was employed by GVUSD as a teacher and/or athletic coach.

117.    At all times relevant herein, Defendant Mann was employed by GVUSD as a learning director at Liberty High School.

118.    At all times relevant herein, Defendant Imperatrice was employed by GVUSD as a teacher and/or athletic coach.

119.    At all times relevant herein, each individual Defendant named in Paragraphs 111 through 119 of this cause of action was required to comply with the Child Abuse and Neglect



LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

-24-
COMPLAINT FOR DAMAGES

Reporting Act as embodied in Penal Code §11164 et seq. and each such Defendant was a "mandated reporter" within the meaning of Penal Code §1165.7.

120.    Plaintiffs are informed and believe and thereupon allege that at all time relevant herein, each individual Defendant named in Paragraphs 111 through 119 of this cause of action knew that Plaintiff was a minor under the age of eighteen years.

121.    Beginning on July 13, 2006, and continuing until July 15, 2006, each individual Defendant named in Paragraphs 111 through 119 of this cause of action received information from multiple sources, including but not limited to, their own observations, reports from students, and discussions with each other, that would lead a person of ordinary prudence to form a reasonable suspicion that the sexual abuse and hazing acts alleged herein had occurred, were presently occurring, and would occur in the future if they did not intervene.  Plaintiffs are informed and believe that thereupon allege that Defendants did suspect, or reasonably should have suspected, that the sexual abuse and hazing acts alleged herein had occurred, were presently occurring, and would occur in the future if they did not intervene.

122.    Each individual Defendant named in Paragraphs 111 through 119 of this cause of action negligently failed to report their suspicion that the sexual abuse and hazing acts alleged herein had occurred, as required by and in conformance with Penal Code §11166.

123.    The duty of each individual Defendant named in Paragraphs 53 through 60 of this cause of action to comply with the Child Abuse and Neglect Reporting Act arose from each such Defendants employment by GUSD and GVUSD and comes within the course and scope of such employment.   GUSD and GVUSD are liable for the alleged acts and omissions of its said employees under the doctrine of respondeat superior.

124.    As a proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff has suffered injury to his person, extreme and severe mental anguish,

COMPLAINT FOR DAMAGES

LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE

1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

humiliation, severe emotional distress, nervousness, paranoia, tension, anxiety and depression, and has incurred medical and psychological expenses all to Plaintiff's damage, and has suffered general damages in an amount to be determined at the trial of this matter.

125.    The injuries suffered by Plaintiff resulted from the kind of occurrence that the Child Abuse and Neglect Reporting Act were designed to prevent.

126.    Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

### FIFTEENTH CAUSE OF ACTION

**Negligent Training**
**[Against GUSD and GVUSD]**

127.    Plaintiff hereby incorporates by reference and re-alleges all Common Allegations and all Causes of Action previously alleged in this Complaint, as though fully set forth below.

128.    Defendants, GUSD, GVUSD, had a duty at all times to properly train its employees, including but not limited to Scudder, Spaulding, Souza, Cano, Hayes, Mann, and Imperatrice, regarding harassment and prevention of harm by children against other children within the GUSD and GVUSD districts, and enforcement of rules and regulations necessary for the protection of the students athletes attending the football camp, including the sexual abuse and hazing activities alleged herein.

129.    Defendants, GUSD and GVSD, and each of them, were negligent and careless in that they failed to exercise ordinary care in training their employees, including but not limited to Scudder, Spaulding, Souza, Cano, Hayes, Mann and Imperatrice, regarding harassment and prevention of harm by children against other children within the GUSD and GVUSD districts, and enforcement of rules and regulations necessary for the protection of the students athletes attending the football camp, including the sexual abuse and hazing activities alleged herein.

130.    As a proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered injury to his person, extreme and severe mental anguish, humiliation, severe

COMPLAINT FOR DAMAGES

LAW OFFICES OF
ALLEN · PROIETTI
& FAGALDE
1640 "N" STREET, SUITE 200
POST OFFICE BOX 2184
MERCED, CA 95344-0184
(209) 723-4372

emotional distress, nervousness, paranoia, tension, anxiety and depression, and has incurred medical and psychological expenses all to Plaintiff's damage, and has suffered general damages in an amount to be determined at the trial of this matter.

131.    Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

### PRAYER

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(a) Award Plaintiff actual damage and compensatory damage in amounts according to proof against all Defendants named herein;

(b) Award statutory damages and penalties, including treble damages, pursuant to California Civil Code §§ 52(a), 52.4(a) and 1714.1;

(c) Award Plaintiff his costs, expenses, and reasonable attorneys' fees pursuant to Federal Civil Code, California Civil Code §§ 52(a), 52.1(h) and 52.4(a), and California Code of Civil Procedure § 1021.5;

(d) Award Plaintiff punitive and exemplary damage in amounts according to proof and as allowed by state and federal causes of action; and

(e) Grant such further relief as the court may deem proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all of the issues pled herein so triable.

Dated: May 30, 2007

ALLEN, PROIETTI & FAGALDE, LLP


By:  /s/ Kimberly G. Flores
Kimberly G. Flores, Attorneys for Plaintiff



COMPLAINT FOR DAMAGES