1  Mart B. Oller IV, # 149186                              (SPACE BELOW FOR FILING STAMP ONLY)
   McCormick, Barstow, Sheppard,
2  Wayte & Carruth LLP
   5 River Park Place East
3  Fresno, CA 93720
   Telephone:    (559) 433-1300
4  Facsimile:    (550) 433-2300

5  Attorneys for Defendant
   GUSTINE UNIFIED SCHOOL DISTRICT, JASON
6  SPAULDING, ANTHONY SOUZA, ADAM
   CANO
7

8                          UNITED STATES DISTRICT COURT

9                               EASTERN DISTRICT

10

11  JOHN ROE,  a minor, by and through his        Case No.  1:07-CV-00796-OWW-DLB
    Guardian ad Litem, SHEILA IRENE
12  CALLAHAN,                                      **DEFENDANTS GUSTINE UNIFIED
                                                   SCHOOL DISTRICT, JASON
13                  Plaintiff,                     SPAULDING, ANTHONY SOUZA, ADAM
                                                   CANO'S MEMORANDUM OF POINTS
14          v.                                     AND AUTHORITIES IN SUPPORT OF
                                                   MOTION FOR SUMMARY
15  GUSTINE UNIFIED SCHOOL                         JUDGMENT/ADJUDICATION**
    DISTRICT; GOLDEN VALLEY
16  UNIFIED SCHOOL DISTRICT; KYLE                  **DATE:        July 20, 2009**
    MATTHEW FISCHER, aka KYLE                      **TIME:        10:00 a.m.**
17  SIMMONS,  a minor; MICHAEL                     **JUDGE:       Oliver Wanger**
    FISCHER, aka MICHAEL SIMMONS,  a               **COURTROOM:  No. 3**
18  minor; KELLY SIMONS; JASON
    SIMMONS; MATTHEW McKIMMIE, a
19  minor; MYRNA TYNDAL; TOMMY
    SAN FELIP,  a minor; FRANK HUDSON;
20  BETTY HUDSON; CARL SCUDDER;
    JASON SPAULDING; ANTHONY
21  SOUZA; ADAM CANO; TIMOTHY
    HAYES; KULJEEP MANN; CHRIS
22  IMPERATRICE, AND DOES 1-200,

23                  Defendants.

24

25          Defendants  GUSTINE  UNIFIED  SCHOOL  DISTRICT,  JASON  SPAULDING,

26  ANTHONY SOUZA, and ADAM CANO seek summary judgment/adjudication in their favor and

27  against Plaintiff JOHN ROE, on the grounds that the evidence raises no triable issue of material

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200

1  fact and that Defendants are entitled to Judgment as a matter of law.

2  **I.**
**INTRODUCTION**

3

4      Plaintiff JOHN ROE alleges that he suffered personal injury during his attendance at a

football camp conducted at Liberty High School on July 13-15, 2006.  Defendants GUSTINE

5  UNIFIED SCHOOL DISTRICT JASON SPAULDING, ANTHONY SOUZA, and ADAM

6  CANO are completely immune from liability for said alleged injuries pursuant to the immunity

7  contained in California Education Code Section 35330.  While this immunity is sufficient to

8  dispose of the entire action, Defendants provide additional bases upon which to grant summary

9  judgment as set forth in greater detail below.  For all these reasons, the Court should grant

10  summary judgment.

11

12  **II.**
**STATEMENT OF FACTS**

13      Plaintiff JOHN ROE alleges that he suffered personal injury during his attendance at a

14  football camp conducted at Liberty High School on July 13-15, 2006.  (UMF 1.)  At all times

15  relevant to the Plaintiff's complaint, JASON SPAULDING, ANTHONY SOUZA, and ADAM

16  CANO were acting in the course and scope of their employment as coaches for the GUSTINE

17  UNIFIED SCHOOL DISTRICT Gustine High School ("GUSD") football team.  (UMF 2.)  Some

18  of the GUSD football team members participated in a field trip/excursion to a football camp at

19  Liberty High School held between July 13 and July 15, 2006.  (UMF 3.)  Attendance at the

20  football camp at Liberty High School was strictly voluntary.  (UMF 4.)  No grades or credits were

21  given to any GUSD player for attendance at the football camp.  (UMF 5.)  Not all players on the

22  GUSD team attended the football camp.  (UMF 6.)  None of the coaching personnel from GUSD

23  ever made any violent threats or committed any violent acts against JOHN ROE during the camp

24  itself.  (UMF 7.)  At the time of said football camp, GUSD had in place policies prohibiting

25  sexual harassment and gender harassment/discrimination.  (UMF 8.)  During July 13 through July

26  15, 2006, GUSD coaching staff were not aware of any sexual/gender harassment or

27  discrimination directed toward Plaintiff.  (UMF 9.)  GUSD was first made aware of Plaintiff's

28  complaints after the camp was over.  GUSD promptly investigated the matter and took remedial

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200

2
DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1  measures, including the expulsion of students. (UMF 10.) As of July 13, 2006, and at all relevant

2  times thereafter, Plaintiff was permitted to attend Gustine High School and was permitted to

3  participate on the football team. (UMF 11.) Plaintiff continued to participate on the football

4  team after the camp. (UMF 12.) Plaintiff did not tell anyone about the incidents at the camp until

5  approximately two weeks after the camp. (UMF 13.)

**III.**
**LAW AND ARGUMENT**

**A.    Summary Judgment/Adjudication Standards**

Summary judgment is warranted where the pleadings, depositions, answers to

interrogatories and admissions on file, together with any affidavits, show there is no genuine issue

as to any material fact and the moving party is entitled to judgment as a matter of law. (FRCP

56(c); Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356

(1986).) Summary adjudication is appropriate where there exists no genuine issue of material fact

as to a particular claim or defense. (FRCP 56(c).)

The moving party bears the initial burden of demonstrating the absence of a genuine issue

of fact. (Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).) Where the non-moving party has

the burden of proof at trial, the moving party must only show "that there is an absence of

evidence to support the non-moving party's case." (Celotex Corp., 477 U.S. at 325.) The

evidence of the party opposing summary judgment/adjudication is to be believed and all

reasonable inferences that may be drawn from the facts must be drawn in favor of the opposing

party. (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505 (1986).) The

question is whether the evidence "presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law." (Anderson, 477

U.S. at 251-252.)

**B.    Defendants Are Immune From Liability Pursuant To California Education Code**
**Section 35330 As To Plaintiff's Claims In This Action**

GUSD and it's employees, CANO, SPAULDING, and SOUZA, are completely and

totally immune from any liability pursuant to the field trip[1] immunity set forth in California

---

[1] For brevity, at times throughout these points and authorities "field trip" may be mentioned, yet the immunity

DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1    Education Code §35330.[2]  This statute provides immunity for school districts, as well as "school

2    district employees in order to protect a school district from vicarious liability for an employee's

3    alleged negligence in the course and scope of employment during a field trip." (Casterson v.

4    Superior Court (2002) 101 Cal.App.4th 177, 190.)  "[I]t is consistent with legislative intent to

5    construe section 35330 as extending field trip immunity to school district employees in order to

6    protect a school district from vicarious liability for an employee's alleged negligence in the

7    course and scope of employment during a field trip." (Id. at 186-190.)  It was the Legislature's

8    purpose all along to limit the financial burden on school districts by including the waiver

9    provision "because it prevents school district exposure to personal injury claims arising from field

10   trips." (Id. at 188.)

11        Section 35330 *does not* require the execution of any particular forms or the following of

12   any particular procedures in order to trigger its application.  The statute is very clear about what it

13   takes to trigger this immunity.[3]  "All persons making the field trip or excursion shall be deemed

14   to have waived all claims against the district ... ."  Negligence by a teacher on a field trip cannot

15   establish liability against the district or the employee because this statute provides immunity for

16   such.  Whether there was negligence by a teacher in the planning of the field trip or in its

17   execution, there is no liability because the statute makes it very clear on its face that there is no

18   liability "for injury occurred *during or by reason of* the field trip or excursion." (§35330(d)

19   [emphasis added].)  A field trip is a special type of off-premises activity, making section 35330

20   the special statute that applies. (Myricks v. Lynwood Unified School Dist. (1999) 74 Cal.App.4th

21   231, 239 [field trip immunity precluded school district's liability for auto accident injuries to high

22   school basketball players on tournament road trip].)

23        In Barnhart v. Cabrillo Community College (1999) 76 Cal.App.4th 818. 829, three

---

24   applies equally to both field trips and excursions.  Failure to mention "excursions" is not meant to limit the immunity
25   in this case to field trips only.  It is contended this July 13-15, 2006 event at Liberty High School falls within the
     definition of both a field trip and an excursion as those terms are used in Education Code §35330.

26   [2] References to sections only refer to Education Code sections, unless otherwise indicated.

27   [3] In fact, *Barnhart v. Cabrillo Community College* (1999) 76 Cal.App.4th 818, 827, pointed out that whether a field
     trip is voluntary or not is not determinative whether it is in fact a field trip because there is no mention of any such
28   factor in the statute.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200

4
DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1   plaintiffs, who were members of the school's soccer team, were injured in a motor vehicle

2   accident while being transported to an away soccer match.[4]   On this occasion the school's

3   assistant coach was giving these three students/plaintiffs a ride to the match in his own van.  The

4   plaintiffs sued for injuries they suffered in the accident.  Defendants brought a motion for

5   summary judgment on the ground that the special field trip immunity provision applied and, as a

6   consequence, absolved the school of all liability in connection with the trip.  The summary

7   judgment motion was granted.  The appeal followed.  The judgment was affirmed on appeal.

8        The Barnhart court explained that it did not matter that this extracurricular soccer program

9   clearly fell within the broad category of a school-sponsored activity under the more general

10   statute.  "The question in this case, however, boils down to whether plaintiffs were on a field trip

11   or excursion.  If so, then there is immunity." (Id. at 828.)  The Barnhart court held that trips in

12   connection with extracurricular sports programs fall into the narrowly defined field trip or

13   excursion type of school-sponsored activity.  Thus, the field trip immunity section unquestionably

14   applied to a soccer team's travel to an away game where these students were to "participate rather

15   than observe" and even though the trip was "part of a regular activity." (Id. at 828.).  Plaintiffs

16   were therefore on a field trip or excursion; hence, the special or specific immunity statute applies.

17        Field trips conducted in connection with high school sports, like football, likewise fall

18   under §35330.  Here, Plaintiff was at Liberty High School in order to participate in a football

19   camp with his high school teammates, much in the way the Barnhart team was leaving campus to

20   participate in an athletic competition with their college soccer team.

21        The case of Wolfe v. Dublin Unified School Dist. (1997) 56 Cal.App.4th 126, preceded

22   Barnhart by two years.  In Wolfe, plaintiff, a first grade student, went on a trip with his

23   classmates and two other first grade classes to a farm during normal school hours.  The trip was

24   organized by the first grade teachers.  To save transportation costs, volunteer parent drivers

25   transported the students in private cars.  Plaintiff was injured while a passenger in a car that was

26

27

28

[4]  The fact that the trip in Barnhart occurred in a college setting, as opposed to a high school setting, does not dilute its application to the instant case.  The college district had a provision identical in all respects to §35330, namely 5 CCR 55450.  The Barnhart court and the later Casterson court construed these companion statutes equally and interchangeably, along with their application in prior opinions that addressed the high school provisions only.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200

DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1   driven by a parent volunteer.  The car collided with a truck on the way back to school from the

2   farm.  The school district was sued for negligence.  The school district brought a motion for

3   summary judgment on the ground that the field trip immunity statute applied and, consequently,

4   absolved the school district of all liability in the case.  The summary judgment was granted.

5   Plaintiff's appeal followed.  The judgment was affirmed on appeal and the court held that the

6   special statute (i.e., §35330) applied and that the trip in question squarely fit the definition of a

7   field trip or excursion under section 35330.

8        The most recent decision specifically addressing §35330 is <u>Casterson v. Superior Court</u>

9   (2002) 101 Cal.App.4th 177.  In that case a fourth grade special education student went on a trip

10  to Sacramento with about 90 other students and some teachers.  The trip involved an overnight

11  stay in a motel.  Plaintiff alleges he sustained injury from a near drowning at the motel.  The

12  complaint named a teacher, Nancy Casterson, as a defendant.  Casterson's demurrer, based upon

13  §35330 immunity, was overruled.  Casterson subsequently filed a writ of mandate.  The Court of

14  Appeal issued a preemptory writ of mandate directing the trial court to enter a new order

15  sustaining the demurrer, without leave to amend.  The issue in the case, as to Casterson, was

16  whether §35330 applied to school district employees.  There was no dispute that the trip was in

17  fact a field trip or excursion within the confines of §35330.  The court held that §35330 applied

18  equally to school district employees while in the course and scope of their employment.

19       Even the violation of a statute[5] by a school district employee during a field trip cannot

20  nullify application of §35330 immunity.  A number of cases addressing this immunity involve

21  motor vehicle accidents to or from a field trip.  In <u>Barnhart</u> and <u>Wolfe</u> the students were injured

22  when the car driven by a parent or coach was involved in an accident.  Thus, negligence by the

23  driver was central to these cases.  Undoubtedly, there were Vehicle Code statutes allegedly

24  violated by these drivers which resulted in the motor vehicle accident.  Yet, the courts never

25  determined that such a statutory violation nullified the immunity afforded by §35330.

26       Here, it is clear that the football camp qualifies as a field trip/excursion under § 35330.

27

28  [5] Both Plaintiffs have alleged negligence *per se* causes of action.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200

DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1   While voluntary participation is not a requisite for the application of the immunity, it is clear that

2   Plaintiff was *not* required to attend the football camp.  (UMF 4.)  Further, Plaintiff did not receive

3   a grade or credit for taking part in the football camp.  (UMF 5.)  In fact, the camp occurred when

4   school was not even in session.   There is no evidence that participation in this camp was

5   mandated.  The immunity is intended to be broad, and serves to promote an important public

6   policy.  As stated above, the immunity applies to the GUSD coaches involved with the camp.

7   (UMF 2.)  Further, the immunity applies to all of the causes of action pled by the Plaintiff in this

8   matter, both state and federal.

9        With respect to the federal claims, federal courts may borrow state law to "fill in the gaps"

10   in federal statutes, and often rely on the "ready-made body of state law" to interpret federal law.

11   (PM Group Life Ins. Co. v. Western Growers Assurance Trust (9th Cir. Cal. 1992) 953 F.2d 543,

12   546, *citing*, De Sylva v. Ballentine (1956) 351 U.S. 570, 580-81.)  Indeed, "comity and common

13   sense counsel *against* exercising the power of federal courts to fashion rules of decision as a

14   matter of federal common law"; instead, state law should be adopted unless Congress "expressly

15   sweeps away" state law.  (PM Group Life, supra, 953 F.2d at 546.  Emphasis added.)

16        Moreover, courts in civil rights actions are specifically instructed to borrow the forum

17   state's law unless inconsistent with the purposes of federal law.   42 U.S.C. §1988(a), which

18   governs the applicability of state statutory and common law to civil rights claims, provides, in

19   pertinent part, as follows:

20        [The federal civil rights statutes] shall be exercised and enforced in
         conformity with the laws of the United States, so far as such laws
21        are suitable to carry the same into effect; but in all cases where they
         are not adapted to the object, or are deficient in the provisions
22        necessary to furnish suitable remedies and punish offenses against
         law, the common law, as modified and changed by the constitution
23        and statutes of the State wherein the court having jurisdiction of
         such civil or criminal cause is held, so far as the same is not
24        inconsistent with the Constitution and laws of the United States,
         shall be extended to and govern the said courts in the trial and
25        disposition of the cause.

26   Thus, federal courts are expressly authorized to adopt state law to define the scope of federal

27   claims, including 42 U.S.C. § 1983.  (Robertson v. Wegmann (1978) 436 U.S. 584, 589; U.S. ex.

28   rel. Smith v. Heil (E.D.Pa. 1970) 308 F.Supp. 1063, 1066-1067.)  Accordingly, this Court has

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200

7
DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1  found that California Code of Civil Procedure § 377.60 applies to limit the damages available

2  under § 1983 in a survivor action.  (<u>Provencio v. Vazquez</u> (E.D. Cal. Aug. 15, 2008) 2008 U.S.

3  Dist. LEXIS 73255.)  Similarly, California courts regularly apply their state statutes to preclude

4  recovery on § 1983 claims on the basis of statutes of limitation and notice requirements.  (<i>See,</i>

5  <i>e.g.</i>, <u>Taylor v. Regents of Univ. of Cal.</u> (9th Cir. Cal. 1993) 993 F.2d 710, 711-12; <u>MacLean v.</u>

6  <u>Golden Gate Bridge, Highway & Transp. Dist.</u> (N.D. Cal. Nov. 23, 1998) 1998 U.S. LEXIS

7  18638.)

8          In the instant case, California Education Code § 35330 should apply to bar Plaintiff's

9  federal claims.  This section is not inconsistent with federal law, and instead provides guidance on

10  a unique situation not contemplated by federal legislation.  Further, without consideration of

11  35330 with respect to Plaintiff's federal claims, the law is not adapted to the object, as is required

12  by 42 U.S.C. §1988(a).  Here, the statutory waiver of a school district's liability for injury arising

13  out of a school field trip or excursion should be adopted by the Court, and the statute's explicit

14  waiver of "all claims" should be given its intended force and effect.

15          Based on the above, this Court should grant Defendants' motion for summary judgment as

16  to the entirety of the action.  The broad immunity afforded by 35330 is sufficient to dispose of the

17  entire action.  Notwithstanding same, Defendants provide additional and separate bases upon

18  which to grant summary judgment, all of which are set forth below in greater detail.

19  **C.    The Plaintiff's Seventh and Ninth Causes of Action Must Fail Against GUSD As**
       **There is No Evidence That GUSD Or Any Of Its Employees Were Violent With Or**
20     **Intimidated Plaintiff By Any Threats of Violence**

21          The Plaintiff's Seventh and Ninth Causes of Action are variations on the same theme.

22  The Seventh Cause of Action invokes Civil Code §52.4, which provides that a person may bring a

23  civil action for damages if he or she is subjected to "gender violence."  Gender violence is

24  defined by the statute as the use, attempted use, or threatened use of physical force against the

25  person or property of another committed at least in part based on the gender of the victim or a

26  physical intrusion or physical invasion of a sexual nature under coercive conditions.  In this

27  instance, Plaintiff alleges use of physical force against his person and that a physical intrusion of

28  a sexual nature occurred at the football camp.  However, all the allegations involve fellow

8

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200

DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1   football players.  None involve the coaches.  Plaintiff testified that no member of the GUSD

2   coaching staff engaged in any violence or made any violent threats against him.  (UMF 7.)  Thus,

3   GUSD, SPAULDING, CANO, and SOUZA can have no liability for gender violence under Civil

4   Code §52.4.

5          In Greenwald v. Bohemian Club, 208 WL 2331947, ND Cal. 208, the Plaintiff alleged that

6   various assaults at her place of employment brought her under the ambit of Civil Code §52.4 and

7   she sued, among others, her employer on an individual basis.  However, the U.S. District Court

8   for the Northern District of California held that the employer could not be held personally liable

9   under Civil Code §52.4 unless the employer personally committed an act of gender violence.  As

10  stated above, neither GUSD, nor any of its coaches, committed any act of violence against the

11  Plaintiff.  Without such personal commission of gender violence against the Plaintiff, said

12  Defendants cannot be liable under Civil Code §52.4.

13         The Ninth Cause of Action alleges violation of Plaintiff's right to be free from violence,

14  or intimidation by threat of violence committed because of Plaintiff's gender.  For the sake of

15  brevity, this cause of action must fail against GUSD, CANO, SPAULDING, and SOUZA for the

16  same reasons as stated above.

17  **D.**     **Plaintiff's §1983 Claim Is Barred By Eleventh Amendment Immunities**

18         As stated above, Defendants contend that the §35330 immunity extends to all causes of

19  action contained in the Complaint, including the federal causes of action.  As a further and

20  separate basis for granting the summary judgment, Defendants contend that GUSD and it's

21  employees are all immune from any §1983 liability pursuant to the 11th Amendment of the U.S.

22  Constitution.

23         "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but

24  it does not provide a federal forum for litigants who seek a remedy against a State for alleged

25  deprivations of civil liberties.  *The Eleventh Amendment bars such suits* unless the State has

26  waived its immunity, or unless Congress has exercised its undoubted power under §5 of the

27  Fourteenth Amendment to override that immunity." (Will v. Michigan Dept. of State Police

28  (1989) 491 U.S. 58, 66; C.N. v. Wolf (D. Cal. 2005) 410 F.Supp.2d 894, 897.)  In District of

9

DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1 | Belanger v. Madera Unified School Dist. (9th Cir. 1992) 963 F.2d 248, 251, the court held that *a*

2 | *California school district was a state agency for purposes of the Eleventh Amendment.* (See also,

3 | Doe v. Petaluma City School Dist. (N.D. Cal. 1993) 830 F.Supp. 1560, 1577 ["California School

4 | districts are arms of the state for purposes of Eleventh Amendment immunity and are therefore

5 | immune from liability under section 1983"].)  Thus, GUSD is clearly immune from any §1983

6 | liability.

7 |      "[A] suit against *a state official in his or her official capacity is not a suit against the*

8 | *official but rather is a suit against the official's office.*  As such, it is no different from a suit

9 | against the State itself." (C.N. v. Wolf, *supra*, at 898; also see, Planells v. San Francisco Unified

10 | School Dist. (9th Cir. November 2, 1992) 1992 U.S. App. LEXIS 29953; Sherez v. Haw. Dep't. of

11 | Educ. (D. Haw. 2005) 396 F.Supp. 2d 1138, 1149-50; Doe v. Lawrence Livermore Nat'l. Lab.

12 | (9th Cir. 1997) 131 F.3d 836, 842; Carmen v. San Francisco Unified School Dist. (N.D. Cal.

13 | 1997) 982 F.Supp. 1396, 1400.)  SPAULDING, SOUZA and CANO were each sued in their

14 | capacity of employees/agents of GUSD and for alleged acts that occurred during the course and

15 | scope of their employment at GUSD.[6]  (UMF 1, 2.)  Thus, they are each immune from these

16 | causes of action.

17 | **E.    Individuals Such As CANO, SPAULDING, and SOUZA Cannot Be Liable Under A Title IX Claim**

18 |

19 |      The First Cause of Action alleges a violation of 20 USC §1681-1688 (Title IX) by the

20 | school district Defendants and the individual football coaches.  Here, individual coaches such as SPAULDING, CANO, and SOUZA cannot be held individually liable under a Title IX theory.

21 | (Davis v. Monroe County Bd. Of Education, 526 U.S. 629, 636 (1999); also see by analogy

22 | Miller v. Maxwell's International, Inc. (9th cir. Cal. 1993) 991 F.2d 583, 587-588; Northhaven

23 |

---

[6] Even if they were sued in their individual/personal capacities, SPAULDING, SOUZA and CANO would each be shielded from liability by the doctrine of *qualified immunity*.  This immunity protects "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (Harlow v. Fitzgerald (1982) 457 U.S. 800, 818.)  Further, the doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law... . [If] officers of reasonable competence could disagree on th[e] issue [of whether a chosen course of action is constitutional], immunity should be recognized." (Malley v. Briggs (1986) 475 U.S. 335, 341.)

DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1   Bd. Of Education v. Bell, 456 U.S. 512 (1982).)  Here, SPAULDING, CANO, and SOUZA were

2   serving as football coaches for GUSD at all relevant times.  (UMF 2).  As individuals, they may

3   not be held liable under a Title IX theory.

4   **F.     Plaintiff's First Cause of Action Based on Title IX Against GUSD Is Without Merit**

5           As a further and separate basis for granting summary judgment, GUSD contends that

6   Plaintiff's First Cause of Action based on Title IX is without merit.  The U.S. Supreme Court

7   addressed the issue of student-student harassment in Davis v. Monroe County, supra.  In Davis, a

8   fifth grade student allegedly suffered numerous instances of sexual harassment by a classmate,

9   who ultimately plead guilty to criminal sexual battery.  (Davis, supra, 526 U.S. at 652-653.)  The

10  student reported each instance to her mother and several teachers.  The student's mother

11  contacted one of the teachers as well as the principal directly, however, no disciplinary action was

12  taken. (Id. at 633.)   At one point, the student and several other female students attempted to

13  personally speak to the principal, however a teacher denied their request. (Id. at 635.)  At no time

14  did the school have an established policy on sexual harassment. (Id.)

15          The Davis Court addressed whether a recipient of federal education funding may be liable

16  for damages under Title IX under any circumstances for discrimination in the form of student on

17  student sexual harassment.  The Court established four requirements for the imposition of school

18  district liability for student-student harassment: (1) liability is limited to circumstances wherein

19  the recipient exercises substantial control over both the harasser and the context in which the

20  known harassment occurs; (2) plaintiff must suffer harassment that is so severe, pervasive and

21  objectively offensive that it can be said to deprive the victims of access to the educational

22  opportunities or benefits provided by the school; (3) the school district must have actual

23  knowledge of the harassment; and (4) the school district's deliberate indifference must, at a

24  minimum, cause its students to undergo harassment or make them liable or vulnerable to it.

25  (Davis, supra, at 1672-1675.)  The analysis of the application of the four Davis requirements to

26  the instant case is set forth below.

27          Liability is limited to circumstances wherein the recipient exercises substantial control

28  over both the harasser and the context in which the known harassment occurs.  If the school

DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

district does not directly engage in harassment, it is not liable unless its "deliberate indifference" subjects its students to harassment.  (Davis, supra, at 644.)  Furthermore, the harassment must occur "under" the "operations of" a funding recipient, therefore the harassment must take place in a context subject to the school district's control. (Id. at 645.)

Here, the alleged conduct occurred while at voluntary football camp, which was not held on a GUSD campus and which occurred during the summer before school was in session.  (UMF 3-6.)  Accordingly, the requisite degree of control is not met.

As to the requirement that the conduct be severe, pervasive and objectively offensive harassment, the Plaintiff is unable to meet this burden as the alleged harassment cannot be said to deprive him access to the educational opportunities or benefits provided by the school.  (UMF 3-6.)  Plaintiff has the burden of establishing a level of harassment so severe that it "undermines and detracts from the victims' education experience, and that victim-students are effectively denied equal access to an institution's resources and opportunities." (Davis at 651.)

Significantly, the behavior must be severe enough to have a systematic impact of denying the victim equal access to the athletic program.  The Court in Davis stated:

> Although, in theory, a single instance of sufficiently severe one-on-one peer harassment could be said to have such an effect [of denying equal access], we think it unlikely that Congress would have thought such behavior sufficient to rise to this level in light of the inevitability of student misconduct and the amount of litigation that would be invited by entertaining claims of official indifference to a single instance of one-on-one peer harassment.  By limiting private damages actions to cases having a systemic effect on educational programs or activities, we reconcile the general principle that Title IX prohibits official indifference to known peer sexual harassment with the practical realities of responding to student behavior. (Id. at 652-6553.)

There is no evidence that the alleged misbehavior had the requisite systemic effect.  Clearly, Plaintiff was not denied access to the athletic program.  As of July 13, 2006, and at all relevant times thereafter, Plaintiff was permitted to attend Gustine High School and was permitted to participate on the football team.  (UMF 11.)  In fact, Plaintiff continued to participate on the football team after the camp.  (UMF 12.)

As to the "actual knowledge" requirement, during July 13 through July 15, 2006, GUSD

12

1  coaching staff were not aware of any sexual/gender harassment or discrimination directed toward

2  Plaintiff.  (UMF 9.)  GUSD was first made aware of Plaintiff's complaints after the camp was

3  over.  Indeed, Plaintiff did not tell anyone about the incidents at the camp until approximately two

4  weeks after the camp.  (UMF 13.)

5        In <u>Davis</u>, the victim-student complained to several teachers as well as the principal over a

6  period of five months and no action was taken.  This is distinguishable from the instant case

7  where Plaintiff never spoke of the event to anyone until approximately two weeks after the

8  football camp.  (UMF 13.)  Title IX does not require school districts to remedy peer harassment

9  or insure that students conform their conduct to certain rules; "the recipient must merely respond

10  to known peer harassment in a manner that is not clearly unreasonable." (<u>Davis</u>, <u>supra</u>, 526 U.S.

11  at 648-649.)

12        As to the requisite showing that GUSD was indifferent to the alleged harassment, Plaintiff

13  is unable to meet his burden.  At the time of said football camp, GUSD had in place policies

14  prohibiting sexual harassment and gender harassment/discrimination.  (UMF 8.)  GUSD was first

15  made aware of Plaintiff's complaints after the camp was over.  (UMF 10.)  GUSD promptly

16  investigated the matter and took remedial measures, including the expulsion of students.  (UMF

17  10.)  Clearly, there is no evidence of indifference on the part of GUSD which caused Plaintiff to

18  undergo harassment or made Plaintiff liable or vulnerable to it.

19        In order to establish liability against GUSD, Plaintiff has the burden to produce evidence

20  which satisfies <u>each</u> of the four Davis requirements.  As shown above, Plaintiff is unable to

21  establish any of the requisite elements, let alone all four of the required elements.  Accordingly,

22  summary judgment should be granted in favor of Defendants.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
1150 Ninth Street, Suite 1200

DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1
2

**IV.**
**CONCLUSION**

3
4

     For all the reasons set forth above, this Court is respectfully requested to grant

5

Defendants' Motion for Summary Judgment in its entirety, and to order judgment in favor of

6

Defendants and against Plaintiff.

7
8
9

Dated: April 30, 2009                     Respectfully submitted,

10

                                 McCORMICK, BARSTOW, SHEPPARD,
                                 WAYTE & CARRUTH LLP

11
12

                         By:       /s/ Mart B. Oller IV

13

                               Mart B. Oller IV
                              Attorneys for Defendant

14

                               GUSTINE UNIFIED SCHOOL
                             DISTRICT, JASON SPAULDING,

15

                             ANTHONY SOUZA, ADAM CANO

16

49912/00048-1389092.v1

17
18
19
20
21
22
23
24
25
26
27
28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200

DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

1    **PROOF OF SERVICE**

2           I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action.  My business address is McCormick, Barstow, Sheppard, Wayte &

3    Carruth LLP, 5 River Park Place East, Fresno, California  93720-1501.  On April 30, 2009, I
served the within documents:

4

5    **DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING,
ANTHONY SOUZA, ADAM CANO'S MEMORANDUM OF POINTS AND**

6    **AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT/ADJUDICATION**

7       ☐   **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax
number(s) set forth below on this date before 5:00 p.m.

8

9       ☐   **BY PERSONAL DELIVERY:**  by personally delivering the document(s) listed
above to the person(s) at the address(es) set forth below.

10      ☒   **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with
postage thereon fully prepaid, in the United States mail at Fresno, California

11           addressed as set forth below.

12

13      ☐   **BY OVERNIGHT MAIL:**  by causing document(s) to be picked up by an
overnight delivery service company for delivery to the addressee(s) on the next

14           business day.

15      ☒   **BY ELECTRONIC SUBMISSION:**  per court order, submitted electronically by
Verilaw to be posted to the website and notice given to all parties that the

16           document has been served.

17

18          I am readily familiar with the firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal

19   Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I
am aware that on motion of the party served, service is presumed invalid if postal cancellation
date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

21          I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.

22          Executed on April 30, 2009, at Fresno, California.

23

24                                        /s/ Nancy Stevens
                                          Nancy M. Stevens

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200

15

DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

<u>Service List</u>

| | |
|---|---|
| Betty Hudson<br>1195 Lee Avenue<br>Gustine, CA 95322 | Frank Hudson<br>1195 Lee Avenue<br>Gustine, CA 95322 |
| Matthew McKimmie<br>1261 Sussex Court<br>Gustine, CA 95322 | Tommy Sanfilippo<br>1195 Lee Avenue<br>Gustine, CA 95322 |
| Myrna Tyndal<br>1261 Sussex Court<br>Gustine, CA 95322 | Kelly Simmons<br>887 Kathy Court<br>Los Banos, CA 93635 |
| Jason Simmons<br>887 Kathy Court<br>Los Banos, CA 93635 | Michael Fisher<br>887 Kathy Court<br>Los Banos, CA 93635 |
| Kyle Matthew Fisher<br>887 Kathy Court<br>Los Banos, CA 93635 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200

DEFENDANTS GUSTINE UNIFIED SCHOOL DISTRICT, JASON SPAULDING, ANTHONY SOUZA, ADAM CANO'S
MEMORANDUM OF P'S &A'S IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION