**JAMES F. McBREARTY, ESQ., #143117**
**TUTTLE & McCLOSKEY**
**A PROFESSIONAL CORPORATION**
750 E. Bullard, Suite 101
Fresno, California 93710
Telephone: (559) 437-1770
Facsimile: (559) 437-0150

Attorney for Defendant, Carl Scudder

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JOHN ROE, a minor, by and through his Guardian ad Litem, SHEILA IRENE CALLAHAN,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>GUSTINE UNIFIED SCHOOL DISTRICT; GOLDEN VALLEY UNIFIED SCHOOL DISTRICT; KYLE MATTHEW FISCHER, aka KYLE SIMMONS, a minor, MICHAEL FISCHER, aka MICHAEL SIMMONS, a minor; KELLY SIMMONS; JASON SIMMONS; MATTHEW McKIMMIE, a minor; MYRNA TYNDAL; TOMMY SAN FELIPO, a minor; FRANK HUDSON; BETTY HUDSON, CARL SCUDDER; JASON SPAULDING; ANTHONY SOUZA; ADAM CANO, TIMOTHY HAYES; KULJEEP MANN; CHRIS IMPERATRICE, and DOES 1-200,<br><br>　　　　Defendants. | Case No.: 1:07-CV-00796-OWW-DLB<br><br>**FIRST AMENDED ANSWER TO COMPLAINT BY CO-DEFENDANT CARL SCUDDER AND DEMAND FOR JURY TRIAL** |

Co-Defendant, CARL SCUDDER, answers the complaint as follows:

/////

1. In response to paragraph 1, this Defendant admits this court has subject matter jurisdiction. This Defendant also admits this court has pendant jurisdiction.

2. In response to paragraph 2 of Plaintiff's complaint, this Defendant admits this court is the proper venue.

3. Objection. Argumentative as to the characterization of Defendant's actions. Further, this paragraph constitutes legal argument. This Defendant denies any custom, practice, and policy of denying Plaintiff's rights.

4. Objection. Argumentative as to the characterization of Defendant's actions. The entire paragraph constitutes legal argument. This Defendant denies all statements constituting legal argument. This Defendant is also without knowledge sufficient to form a belief as to the truth of the damages claimed.

5. In response to paragraph 5 of Plaintiff's complaint, this Defendant admits on information and belief.

6. In response to paragraph 6, this Defendant admits GUSD was and is a public school district in the County of Merced, and Gustine High School was a subordinate entity under GUSD. While this Defendant denies actions based upon customs and policies giving rise to the federal cause of action alleged in the complaint, this Defendant objects to lines 18 and 19 of Plaintiff's complaint as argumentative.

7. In response to paragraph 7, this Defendant denies he committed any injury to the Plaintiff. This Defendant admits that at all times alleged, he was within the course and scope of his employment with GUSD and/or Gustine High School.

8. In response to paragraph 8 of Plaintiff's complaint, this Defendant admits upon information and belief that GVUSD was and is a public school district in the County of Madera and Liberty High School was a subordinate entity under GVUSD. This Defendant objects to lines 1 – 4 of paragraph 8 as argumentative.

9. Objection. Argumentative as to the characterization of Defendant's actions. This Defendant also denies acting as the agent and/or co-conspirator for any other Defendant and/or encouraging others to committed alleged wrongful acts. This Defendant further denies that he was

aware of any harassment and repeatedly and intentionally failed to take appropriate or necessary steps to prevent or stop the abuse suffered by Plaintiff.

10. In response to paragraph 14 of Plaintiff's complaint, this paragraph is not subject to admission or denial other than those previously stated regarding monetary damages and ancillary relief requested.

11. In response to paragraph 15 of Plaintiff's complaint, this Defendant admits on information and belief.

12. In response to paragraph 16 of Plaintiff's complaint, this Defendant admits on information and belief.

13. In response to paragraph 17 of Plaintiff's complaint, this Defendant admits on information and belief.

14. In response to paragraph 18 of Plaintiff's complaint, this Defendant admits on information and belief.

15. In response to paragraph 19 of Plaintiff's complaint, this Defendant admits on information and belief.

16. In response to paragraph 20 of Plaintiff's complaint, this Defendant admits.

17. In response to paragraph 21 of Plaintiff's complaint, this Defendant admits on information and belief.

18. In response to paragraph 22 of Plaintiff's complaint, this Defendant denies he was present when the acts alleged in the complaint occurred.  Otherwise, this Defendant admits.

19. In response to paragraph 24 of Plaintiff's complaint, this Defendant denies that Gustine High School freshman student athletes were subjected to constant abuse and persuasive sexual abuse, sexual harassment, sexual assault, and other forms of harassment by older student athletes enrolled at Gustine High School and Liberty High School.  This Defendant objects to the terms used as argumentative.

20. In response to paragraph 24(a) of Plaintiff's complaint, this Defendant denies that pillow fight pillow cases were filled with football equipment or other heavy objects.  This Defendant denies on information and belief that Plaintiff suffered a severe head injury as a result of

being struck in the head by a pillow filled with heavy objects. This Defendant denies on information and belief that the upperclassmen assaulted the younger players.

21. In response to paragraph 24(b) of Plaintiff's complaint, this Defendant is without knowledge sufficient to form a belief as to the allegations of paragraph 24(b).

22. In response to paragraph 24(c) of Plaintiff's complaint, this Defendant denies that upper-class student athletes roamed in groups freely and unsupervised around campus. This defendant is without knowledge sufficient to form a belief as to the truth of any of the allegations contained without paragraph 24(c) of Plaintiff's complaint.

23. In response to paragraph 24(d) of Plaintiff's complaint, this Defendant is without knowledge sufficient to form a belief as to the truth of any of the facts contained within paragraph 24(d).

24. In response to paragraph 24(e) of Plaintiff's complaint, this Defendant is without knowledge sufficient to form a belief as to the truth of any of the facts contained within paragraph 24(e).

25. In response to paragraph 25 of Plaintiff's complaint, this Defendant admits.

26. In response to paragraph 26 of Plaintiff's complaint, this Defendant denies he did not take proper remedial action following reports of harassment and abuse and/or discrimination.

27. In response to paragraph 27 of Plaintiff's complaint, this Defendant objects as the paragraph is argumentative. This Defendant further denies he performed, participated in, aided and/or abetted any of the acts claimed in Plaintiff's complaint. This Defendant is without knowledge sufficient to form a belief as to the truth of any damages claimed.

28. In response to paragraph 28 of Plaintiff's complaint, this Defendant denies he was the agent or employee of each and every other defendant. He further denies that the actions of each defendant were ratified and approved by him. This Defendant further denies that all of the actions alleged in the complaint were taken pursuant to the customs, policies, and practices of GUSD and GVUSD.

29. In response to paragraph 29 of Plaintiff's complaint, objection. This paragraph is so vague and ambiguous that it is impossible to admit or deny.

30. In response to paragraph 30 of Plaintiff's complaint, this Defendant denies he failed to enforce or to have enforced the school district's disciplinary, anti-harassment, anti-abuse and anti-discrimination policies, that prevent physical and emotional harm to Plaintiff. This Defendant had no knowledge of any of the acts allegedly committed against Plaintiff.

31. In response to paragraph 31 of Plaintiff's complaint, Defendant admits so far as his employment duties with GUSD.

32. In response to paragraph 32 of Plaintiff's complaint, this Defendant denies that he committed any acts or omissions knowingly, intentionally, and/or with conscious disregard of, or deliberate indifference toward, the well-being of Plaintiff. This Defendant had no knowledge that any such alleged acts were committed against the Plaintiff.

33. In response to paragraph 33 of Plaintiff's complaint, objection. Argumentative as to the characterizations of Defendant's actions. Also, constitutes legal argument. In response to this paragraph, this Defendant admits he has a mandatory duty by state and federal law to provide a safe and equal environment for students. This Defendant denies he failed to follow the mandatory duties as stated in this paragraph.

34. In response to paragraph 34 of Plaintiff's complaint, objection. Argumentative as to the characterizations of Defendant's actions. Also, constitutes legal argument. In response to this paragraph, this Defendant admits he has a mandatory duty by state and federal law to provide a safe and equal environment for students. This Defendant denies he failed to follow the mandatory duties as stated in this paragraph.

35. In response to paragraph 35 of Plaintiff's complaint, this Defendant admits he had the power and responsibility to protect the Plaintiff within reason. This Defendant did not know of the alleged acts against the Plaintiff.

36. In response to paragraph 36 of Plaintiff's complaint, objection. Argumentative as to the characterization of this Defendant's acts. This Defendant denies he had knowledge of any sexual abuse, harassment, discrimination, and/or violence against the Plaintiff at any time. This Defendant also denies he intentionally failed to take appropriate disciplinary or remedial measures.

/////

37. In response to paragraph 37 of Plaintiff's complaint, this Defendant denies he failed to take steps necessary to prevent harm to the Plaintiff. Also, the entire paragraph consists of legal argument. Defendant denies any statement of argument.

38. In response to paragraph 38 of Plaintiff's complaint, this Defendant admits that he owed the Plaintiff and to all students and student athletes GUSD a duty of care to ensure the safety and well-being of Plaintiff and all students on school grounds, to enforce rules and regulations necessary for the protection of students, and to take appropriate measures to protect students from the misconduct of other students. Defendant denies that he failed to do so. Defendant is without knowledge sufficient to form a belief as to the truth of the claim that all of the sexual abuse and harassment of the Plaintiff by other students occurred on school grounds. Also, objection, argumentative.

39. In response to paragraph 39 of Plaintiff's complaint, this Defendant admits that as an employee of GUSD he has a duty to exercise due care to protect Plaintiff from sexual abuse and other misconduct by students and other defendants. This Defendant denies he failed to investigate Plaintiff's complaint of sexual abuse and hazing, to make police reports, take appropriate measures to protect Plaintiff by further alleged actions by students.

40. In response to paragraph 40 of Plaintiff's complaint, objection. Argumentative. This Defendant denies that the other defendants failed to undertake meaningful disciplinary measures against harassing students. This Defendant is without sufficient knowledge to form a belief as to whether sexual abuse and harassment continued and escalated.

41. In response to paragraph 41 of Plaintiff's complaint, objection. Argumentative as to the term "hazing". This Defendant further denies any intentional failure to take actions or remedy the acts claimed committed by students against Plaintiff. This Defendant is without knowledge sufficient to from a belief as to the truth of Plaintiff's claims to suffer severe emotional distress and psychological damage, and the other problems stated from line 27 – 3 of this paragraph.

42. In response to paragraph 42 of Plaintiff's complaint, this Defendant is without knowledge sufficient to form a belief as to the truth of any damages claimed. Otherwise, Defendant denies any statement of legal argument.

1       43.     Paragraph 43 of Plaintiff's complaint incorporates prior paragraphs and is not subject to admission or denial other than those previously stated and incorporated herein.

        44.     In response to paragraph 44 of Plaintiff's complaint, this Defendant admits.

        45.     In response to paragraph 45 of Plaintiff's complaint, this Defendant admits and on information and belief.

        46.     In response to paragraph 46 of Plaintiff's complaint, objection. Vague and ambiguous as to the term "moving force". Also, argumentative. This Defendant denies that he was responsible for "numerous constitutional violations" set forth in the complaint.

        47.     In response to paragraph 47 of Plaintiff's complaint, this Defendant denies that Plaintiff was subject to sexual abuse. Defendant is without knowledge sufficient to form a belief as to the truth that student athletes interfered with Plaintiff's ability to attend school, participate in sports programs, and perform his studies and activities.

        48.     In response to paragraph 48 of Plaintiff's complaint, objection. Argumentative. This Defendant denies he had knowledge that male-on-male sexual abuse and hazing activities were going to occur or had already occurred. Further, objection as argumentative as to the word "hazing". This Defendant further denies he was deliberately indifferent to acts of male-on-male sexual abuse and harassment.

        49.     In response to paragraph 49 of Plaintiff's complaint, this Defendant admits that he has enforced policies and procedures to prevent and/or remedy female student athletes from male-on-female sexual abuse and sexual harassment, discrimination, and violence. This Defendant denies he intentionally failed to take appropriate disciplinary or remedial measures to address the alleged on going harassment.

        50.     In response to paragraph 50 of Plaintiff's complaint, this Defendant objects as it is argumentative. This Defendant denies any alleged male-on-male gender specific sexual abuse and harassment as severe, pervasive, and objectively offensive that it effectively bars Plaintiff access to an educational opportunity benefit. This Defendant is without knowledge to form a belief as to the truth of any claims of injury made by Plaintiff.

/////

51. In response to paragraph 51 of Plaintiff's complaint, objection. Argumentative as to this Defendant's motives. This Defendant denies having done any action with evil motive or intent, or with reckless or callous indifference to Plaintiff's rights based on his gender.

52. In response to paragraph 52 of Plaintiff's complaint, objection. Argumentative. This Defendant further denies that he intentionally violated any right of the Plaintiff.

53. Paragraph 53 of Plaintiff's complaint is not subject to admission or denial.

54. In response to paragraph 54 of Plaintiff's complaint, this paragraph incorporates prior paragraphs and is not subject to admission or denial, other than those previously stated and incorporated herein.

55. In response to paragraph 55 of Plaintiff's complaint, this Defendant denies he responded differently based on the gender of the victim and the aggressors. This Defendant further denies he intentionally failed to take appropriate disciplinary or remedial measures.

56. In response to paragraph 56 of Plaintiff's complaint, objection. Argumentative as to this Defendant's intent. This Defendant denies any acts or omissions were based on malice or bad faith intent, or caused a deprivation of Plaintiff's right to equal protection. This Defendant further denies Plaintiff was intentionally treated differently from female victims of sexual abuse and harassment.

57. Paragraph 57 of Plaintiff's complaint is not subject to admission or denial.

58. Paragraph 68 of Plaintiff's complaint incorporates prior paragraphs and is not subject to admission or denial other than those previously stated and incorporated herein.

59. In response to paragraph 69 of Plaintiff's complaint, objection. Argumentative. This Defendant denies he engaged in any conduct which was outrageous and/or extreme. This Defendant also denies he engaged in conduct with the intent to cause severe emotional distress upon Plaintiff.

60. In response to paragraph 70 of Plaintiff's complaint, this Defendant denies he engaged in extreme and outrageous conduct. This Defendant is without knowledge sufficient to form a belief as to the truth of any injuries and/or damages claimed.

/////

61. In response to paragraph 71 of Plaintiff's complaint, objection. Argumentative. This Defendant denies he performed any malicious, fraudulent, or oppressive acts with willful and conscious disregard for Plaintiff's rights and safety.

62. Paragraph 72 of Plaintiff's complaint is not subject to admission or denial.

63. Paragraph 73 of Plaintiff's complaint, incorporates prior paragraphs and is not subject to admission or denial other than those previously stated and incorporated herein.

64. In response to paragraph 74 of Plaintiff's complaint, this Defendant denies committing any conduct which would have violated the right of Plaintiff to be deprived of equal protection under the law.

65. Paragraph 75 of Plaintiff's complaint is not subject to admission or denial.

66. Paragraph 76 of Plaintiff's complaint incorporates prior paragraphs and is not subject to admission or denial other than those previously stated and incorporated herein.

67. In response to paragraph 77 of Plaintiff's complaint, objection. The term "gender violence" constitutes legal argument. This Defendant denies he committed any type of conduct which could constitute gender violence in any way, shape, or form.

68. Paragraph 78 of Plaintiff's complaint is not subject to admission or denial.

69. Paragraph 79 of Plaintiff's complaint incorporates prior paragraphs and is not subject to admission or denial other than those previously stated and incorporated herein.

70. In response to paragraph 80 of Plaintiff's complaint, objection. Argumentative. Defendant denies he committed any conduct which would have violated the rights of Plaintiff under California Civil Code Section 51.

71. Paragraph 81 of Plaintiff's complaint is not subject to admission or denial.

72. Paragraph 82 of Plaintiff's complaint incorporates prior paragraphs and is not subject to admission or denial other than those previously stated and incorporated herein.

73. In response to paragraph 83 of Plaintiff's complaint, objection. Argumentative. This Defendant denies he engaged in any conduct which violated the right of the Plaintiff to be free from sex discrimination, including sexual harassment in and/or by educational programs and activities receiving state financial assistance.

74. Paragraph 87 of Plaintiff's complaint is not subject to admission or denial.

75. Paragraph 106 of Plaintiff's complaint incorporates prior paragraphs and is not subject to admission or denial other than those previously stated or incorporated herein.

76. In response to paragraph 107 of Plaintiff's complaint, this Defendant admits he had a duty to supervise the conduct of student athletes attending the football camp, and enforce the rules and regulations necessary for the protection of student athletes attending the camp. This Defendant admits he had a duty to supervise student athletes and exercise ordinary care to protect the remaining student athletes from sexual abuse and hazing within reason.

77. In response to paragraph 108 of Plaintiff's complaint, objection. The entire paragraph consists of legal argument. This Defendant exercised ordinary care in supervising the conduct of student athletes at the camp. This Defendant denies he had actual and/or constructive notice that sexual abuse and hazing activities had occurred before or were likely to occur again. This Defendant denies he failed to provide adequate supervision or any supervision at all for student athletes attending the football camp.

78. In response to paragraph 109 of Plaintiff's complaint, this Defendant denies he was negligent and careless. This Defendant is without knowledge sufficient to form a belief a to the truth of any injuries and/or damaged claimed.

79. Paragraph 110 of Plaintiff's complaint is not subject to admission or denial.

80. Paragraph 111 of Plaintiff's complaint incorporates prior paragraphs and is not subject to admission or denial other than those previously stated and incorporated herein.

81. In response to paragraph 112 of Plaintiff's complaint, admitted.

82. In response to paragraph 113 of Plaintiff's complaint, admitted.

83. In response to paragraph 114 of Plaintiff's complaint, admitted.

84. In response to paragraph 115 of Plaintiff's complaint, admitted.

85. In response to paragraph 116 of Plaintiff's complaint, this Defendant admits based on information and belief.

86. In response to paragraph 117 of Plaintiff's complaint, this Defendant admits based on information and belief.

87. In response to paragraph 118 of Plaintiff's complaint, this Defendant admits based on information and belief.

88. In response to paragraph 119 of Plaintiff's complaint, this Defendant admits he was a mandated reporter within the meaning of Penal Code Section 10165.7.

89. In response to paragraph 120 of Plaintiff's complaint, objection, speculation. As to this Defendant, he was aware the minor was under the age of 18 years of age.

90. In response to paragraph 121 of Plaintiff's complaint, objection. Argumentative. This Defendant received no information and did not observe anything that would cause him to form a reasonable suspicion that sexual abuse and hazing acts had occurred, were presently occurring, or would occur in the future if he did not intervene.

91. In response to paragraph 122 of Plaintiff's complaint, objection. Argumentative. This Defendant did not suspect that sexual abuse and hazing had occurred.

92. In response to paragraph 123 of Plaintiff's complaint, this Defendant denies he committed any unlawful acts or omissions. However, this Defendant admits that any such alleged acts or omissions would come under the doctrine of respondeat superior.

93. In response to paragraph 124 of Plaintiff's complaint, this Defendant is without knowledge sufficient to form a belief as to the truth of any injuries and/or damages claimed.

94. In response to paragraph 125 of Plaintiff's complaint, this Defendant denies that failure to report under the Child Abuse and Neglect Reporting Act played any role in the alleged injuries sustained by Plaintiff.

95. Paragraph 126 of Plaintiff's complaint is not subject to admission or denial.

96. The prayer for damages in all respects is denied.

### AFFIRMATIVE DEFENSES

97. For a further, separate, and distinct defense, this answering Defendant alleges that Plaintiff's complaint, and the allegations therein, fail to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure Section 12(b)(6).

98. For a further, separate, and distinct defense, this answering Defendant alleges that Plaintiff, by way of reasonable effort and/or care, could have mitigated the damages alleged to have been suffered, when Plaintiff has failed, neglected, and refused to mitigate his damages, if any, as required by law.

99. For a further, separate, and distinct defense, this answering Defendant alleges that Plaintiff is barred from recovery in whole or in part, based upon the discretionary immunity available to all defendants, in Government Code Sections 820.2 et seq., and 815.2(b).

100. For a further, separate, and distinct defense, this answering Defendant alleges that Plaintiff's complaint is barred in whole, or in part, based upon the immunities, protections, and limitations found in Government Code Sections 820.8, 820.9, 821.4, and 822.2.

101. For a further, separate, and distinct defense, this answering Defendant alleges that Plaintiff's complaint is barred, in whole or in part, based upon the fact that this answering Defendant's conduct was made pursuant to the "good-faith" qualified immunity.

102. For a further, separate, and distinct defense, this answering Defendant alleges that Plaintiff's alleged injuries and damages, if any, were due to the negligence and/or wrongful conduct of third parties.

103. For a further, separate, and distinct defense, this answering Defendant alleges that punitive damages are violative of the due process, equal protection, and right to privacy provisions of the constitution of the United States and State of California, and that this court, therefore, does not have subject matter jurisdiction to hear or determine punitive damages claimed.

104. For a further, separate, and distinct defense, this answering Defendant alleges that Plaintiff did not exercise ordinary care, caution, or prudence to avoid the happening of the incident, and the incident and injuries, if any, and damages, if any, sustained by the Plaintiff, were directly and proximately caused and contributed to by the fault of Plaintiff.

105. For a further, separate, and distinct defense, this answering Defendant alleges that the complaint is barred in whole or in part, by immunity under the Eleventh Amendment to the United States Constitution.

/ / /

FIRST AMENDED ANSWER TO COMPLAINT BY CO-DEFENDANT
CARL SCUDDER AND DEMAND FOR JURY TRIAL
12

1       106. For a further, separate, and distinct defense, this answering Defendant is immune from liability by virtue of the provisions of Education Code Section 35330, in that Plaintiff's claim of injury occurred on a field trip or excursion.

      107. For a further, separate, and distinct defense, this answering Defendant is immune from liability by virtue of the provisions of Education Code Section 44808, in that Plaintiff's claim of injury occurred off school property.

      WHEREFORE, this answering Defendant prays:

1. That the Plaintiff takes nothing by way of his complaint;
2. That Plaintiff not be awarded damages;
3. That Plaintiff not be awarded punitive damages;
4. That Plaintiff's request for attorney's fees, costs, and interest be denied.

### DEMAND FOR JURY TRIAL

This Defendant hereby demands a trial by jury.

DATED: April 23, 2009

      TUTTLE & McCLOSKEY
      A PROFESSIONAL CORPORATION


BY:   */s/ James F. McBrearty*
JAMES F. McBREARTY, Attorney for Defendant, Carl Scudder