UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE, minor, by and through his Guardian Ad Litem, SHEILA IRENE CALLAHAN,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>KYLE MATTHEW FISCHER, et al.,<br><br>　　　　　Defendants. | 1:07-cv-00796-OWW-SMS<br><br>MEMORANDUM DECISION REGARDING CROSS CLAIMANT'S MOTION TO DISMISS (Doc. 171) |

## I. **INTRODUCTION**.

This case arises from alleged student-on-student harassment of Plaintiff John Roe while he was attending a football camp at Liberty High School in July 2006. In July 2006, Plaintiff was an incoming freshman at Gustine High School, who intended to play football for Gustine High in the fall of 2006. Plaintiff attended a football camp jointly coordinated by Gustine and Liberty High Schools. While at football camp, Plaintiff was assaulted by several upper class teammates, and suffered additional acts of hazing by these individuals. The Defendants named in the complaint are the Gustine and Golden Valley Unified School Districts, Gustine High School football coaches, the individuals who allegedly perpetrated these events, and the parents of the minors allegedly involved in these events.

1

Plaintiff has dismissed his claims against the Gustine Unified School District and Golden Valley Unified School District. Plaintiff has also dismissed his claims against the student perpetrators and their parents. On December 22, 2009, the Gustine High School football coaches obtained summary judgment. (Doc. 143). Accordingly, the only remaining claims are the cross claims filed by Gustine Unified School District ("GUSD"), Carl Scudder, the Fischers, and the Simmons.

On August 11, 2010, Defendants Scudder, Spaulding, Souza, Cano, and GUSD filed a motion to voluntarily dismiss their cross-claims, as well as a motion to dismiss the cross-claims of the Fischer and Simmons parties. (Doc. 171). Neither the Fischers nor the Simmons have filed opposition to the motion.

## II. **DISCUSSION**.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), a cross-claim may be dismissed at the request of the claimant on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2)-(c). Here, Scudder and GUSD seek dismissal of their cross-claims in light of the fact that the Plaintiff's substantive claims have all been dismissed or summarily adjudicated. As Scudder and GUSD's cross-claims seek only equitable indemnity, apportionment of fault, and declaratory relief, the cross-claims are now moot. The cross-claimants' motion for voluntary dismissal is GRANTED.

The Fischer and Simmons cross-claims are also for implied equitable indemnity, declaratory relief, and apportionment of fault. Because Plaintiff's underlying claims have all been dismissed or summarily adjudicated, the Fischer and Simmons cross-claims are now moot. The motion to dismiss the Fischer and Simmons

**2**

1  cross-claims is GRANTED.

## ORDER

For the reasons stated, IT IS ORDERED:

1) Scudder's remaining cross-claims are DISMISSED, with prejudice;
2) Gustine Unified School District's remaining cross-claims are DISMISSED, with prejudice;
3) The Fischer's remaining cross-claims are DISMISSED, with prejudice;
4) The Simmons' remaining cross-claims are DISMISSED, with prejudice; and
5) The moving parties shall file a form of order consistent with this Memorandum Decision within five (5) days of electronic service of this decision.

IT IS SO ORDERED.

**Dated:   October 25, 2010**            **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE

**3**